IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KINDALL NEALE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-20-1219 |
| LAWRENCE J. HOGAN, *Governor of Maryland*, | * | |
| BOYD K. RUTHERFORD, *LT. Governor*, ROBERT L. GREENE, *Secretary of Public Safety and Correctional Services*, WAYNE HILL, *Commissioner of Corrections*, WALTER WEST, *Warden of ECI*, and WALTER HOLMES, *Assistant Warden* | * * * | |
| Defendants. | * | |

\*\*\*

**MEMORANDUM OPINION**

Plaintiff Kindall Neale filed this civil rights action along with supplements to the Complaint asserting that his health has been jeopardized due to Defendants' handling of the COVID-19 pandemic at Eastern Correctional Institution ("ECI") located in Westover, Maryland. ECF Nos. 1, 4–7. In response, Defendants Hogan, Rutherford, Greene, Hill, West and Holmes filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, addressing both the COVID-19 protocols at ECI and asserting that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. ECF No. 15. Plaintiff has responded to the motion. ECF Nos. 21[1] and 22.

---

[1] In his response to the dispositive motion, plaintiff alleges that he was removed from his cell on February 18, 2021, for kicking his cell door and was moved on to another tier and housed with an inmate who was already being quarantined. ECF No. 21 at 1–2. The cell was dirty. Ultimately, plaintiff states he took a deal for the infraction and lost good time credits. *Id.*, at 2. While in quarantine his legal mail was withheld. *Id.* Plaintiff states that the foregoing conduct was retaliatory. *Id.* He also states that he has filed several sick call slips regarding kidney pain and has not received proper medical care. *Id.* at 3. These claims are not properly before the court and will not be considered. The

The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons explained below, the Defendants' Motion, construed as a motion to dismiss, will be granted due to Plaintiff's failure to exhaust administrative remedies.

## Background

Plaintiff's Complaint was received by the court for filing on May 13, 2020. ECF No. 1. Plaintiff states in his Complaint and supplements to the Complaint that defendants have failed to assure his safety relative to the COVID-19 pandemic. ECF Nos. 1, 4–7. He is housed in a double cell with another prisoner and there are numerous safety deficiencies including a lack of cleaning supplies, correctional officers not properly wearing face masks, common areas not being properly disinfected, and a lack of social distancing in recreation areas. *Id.*

In his Complaint, Plaintiff states that he did not file an Administrative Remedy Procedure ("ARP") complaint regarding his claims. ECF No. 1 at 2. He states this is because "[t]his corona virus pandemic is not able to be remedied through the ARP proceedings or the inmate grievance due to it is a 5th Amendment violation due to the process would not get a proper hearing nor any fair outcome [sic]." *Id.*

In his supplement to the Complaint, Plaintiff also acknowledges that he did not file an ARP and states "this whole building Housing Unit #7 hasn't had any [ARPs] in months, and most officers don't give them out if they think you're trying to write them up." ECF No. 5 at 4.

---

court may not address these new claims because an opposition to a dispositive motion is not a vehicle for amending a pleading. *Mylan Laboratories, Inc. v. Akzo, N. V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984)), *aff'd*, 2 F.3d 56 (4th Cir. 1993); *see also Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n. 4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). *Woodbury v. Victory Van Lines*, 286 F.Supp.3d 685, 692 (D. Md. 2017) (stating it is axiomatic that a plaintiff may not use their memorandum in opposition to amend the complaint).

2

Additionally, he states his timeline indicates that on May 25, 2020, ARPs were brought to the tier. *Id.* at 5.

Defendants filed a substantive response indicating the safety measures they have put in place at ECI, including providing cleaning supplies to prisoners, social distancing in recreation areas, and providing COVID-19 testing to inmates with "flu like" symptoms. Decl. of Walter West, ECF No. 15-4 at 1-2, ¶¶ 5, 6, 8, 9. Defendants also assert that the Complaint should be dismissed because Plaintiff failed to file any ARPs concerning COVID-19 precautions. ECF No. 15-1 at 12–15.

Defendants provide documentation of nine ARPs filed by Plaintiff since July, 2020. ECF No. 15-6, at 3–31. They also provide a log noting numerous ARP complaints filed by inmates housed in the same area of the prison (HU 7) as Plaintiff each month from March to July 2020. *Id.* at 32–37. Additionally, Kristina Donnelly, Special Assistant to the Deputy Secretary for Operations, attests that a search of the Department of Public Safety and Correctional Services ("DPSCS") Headquarters ARP Unit's database of ARP appeals did not produce a record of any further ARP appeals from Plaintiff as of January 13, 2021. Donnelly Decl., ECF No. 15-7, ¶ 2. Similarly, Pamala White, Administrative Aide for the Inmate Grievance Office ("IGO"), attests that a search of the IGO records involving Plaintiff's allegations did not produce any record of the IGO receiving a grievance filed by Plaintiff concerning the matters alleged in the Complaint. White Decl., ECF No. 15-8.

In his response in opposition, Plaintiff addresses defendants' assertion that he did not exhaust administrative remedies. Plaintiff states, without explanation, that the ARP process was not available in the beginning of April to May 2020. ECF No. 22 at 1. He also claims that his

3

later ARPs were withdrawn because staff promised that the matters would be rectified but they were not. *Id.* at 5.

## Other Pending Motions

Plaintiff has also filed Motions for Evidence, Summary Judgment and to Amend. ECF Nos. 19 (summary judgment), 20 (evidence), 23 (to amend). The Motions are each denied.

In his "Motion for Evidence" (ECF No. 20), Plaintiff alleges additional facts in support of his Complaint. He does not seek additional evidence. As such, the Motion is denied as an independent motion but will be construed and considered as supplemental response in opposition.

In his "Motion for Summary Judgment" (ECF No. 19), Plaintiff requests the camera footage at ECI be subpoenaed. ECF No. 29 at 2. That request is denied as Plaintiff fails to explain how the requested video is necessary to his opposition response. In support of his Motion, he also erroneously contends that Defendants failed to timely respond to his Complaint. He offers no other arguments as to why he is entitled to summary judgment, and as such the motion is denied.

In his "Motion to Amend" (ECF No. 23), Plaintiff seeks to add additional facts in support of his allegations that Defendants failed to implement and comply with CVOID-19 safety protocols. Specifically, Plaintiff alleges that inmates were transferred from other facilities without COVID-19 testing and that a guard was coughing while on his shift and told Plaintiff he was not allowed to go home. *Id.* at 3. Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants have not consented to

the amendment. While Rule 15 dictates that "[t]he court should freely give leave when justice so requires," where the proposed amendment to a complaint appears to be futile, this Court has the discretion to deny leave to amend. An amendment is futile if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011), citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). The Motion is denied as futile. For the reasons discussed below, the Complaint is dismissed due to Plaintiff's failure to exhaust administrative remedies.

In addition to Plaintiff's motions, Dorianne A. Meloy, Assistant Attorney General, has filed a motion to strike her appearance which will be granted. ECF No. 24.

### Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court may "consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

## Analysis

Defendants contend that Plaintiff's Complaint is subject to dismissal pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, because his claims have not been properly presented through the administrative remedy procedure. ECF No. 13 at 13-15. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A claim that has not been exhausted pursuant to the PLRA may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). The Supreme Court has stated that an administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 1174, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Thus, an inmate must complete the prison's internal appeals process, if possible, before bringing suit. *See Chase v. Peay*, 286 F. Supp. 2d 523, 529–30 (D. Md. 2003). Exhaustion is also required even where the specific relief sought is not attainable through resort to the administrative remedy procedure. *See Booth*, 532 U.S. at 741. As a prisoner, Plaintiff is subject to these strict exhaustion requirements. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (and noting that no distinction is made with respect to exhaustion requirements between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the relevant IGO against any DOC official or employee. Md. Code Ann., Corr. Servs. § 10-206(a). However, if the prison has a grievance procedure that is approved by the IGO, the prisoner must first follow the institutional ARP process, before filing a grievance with the IGO. *See id.* § 10-206(b). The Maryland Department of Public Safety and Correctional Services has made an ARP available to Maryland State prisoners for "inmate complaint resolution." *See generally id.* §§ 10-201 *et seq.*; Code of Maryland Regulations ("COMAR") 12.07.01.01B(1) (defining ARP). Thus, before filing a grievance with the IGO, a prisoner is required, among other things, to make an initial request for an administrative remedy with the Warden. *Id.* 12.07.01.04(B)(9)(a). If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction.

If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. The prisoner must include in the grievance copies of the initial request or administrative remedy, the Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Here, Plaintiff did not timely and properly exhaust the grievance process prior to filing his Complaint which was received by the court on May 13, 2020. ECF No. 1. In fact, he concedes in his Complaint that he did not file an ARP. ECF No. 1. Plaintiff later filed ARPs related to matters alleged in the Complaint, however, he did not complete the full ARP process on any of those

7

claims. Further, even if Plaintiff's later filed ARPs were construed as efforts to pursue the required administrative process for the claims alleged in the Complaint, exhaustion of administrative remedies after a complaint is filed will not save a case from dismissal. *See Neal v. Goord*, 267 F.3d 116, 121–22 (2d Cir. 2001) (overruled on other grounds). In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *See also Kitchen v. Ickes*, Civ. No. DKC-14-2022, 2015 WL 4378159, at *8 (D. Md. July 14, 2015); *see also Blackburn v. S. Carolina*, Civ. No. 006-2011-PMD-BM, 2009 WL 632542, at *1 (D.S.C. Mar. 10, 2009) *aff'd*, 404 F. App'x 810 (4th Cir. 2010); *Miller v. McConneha, et al*, Civ. No. JKB-15-1349, 2015 WL 6727547, at *3-4 (D. Md. November 11, 2015).

Ordinarily a prisoner must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). But the Court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Plaintiff states in his Complaint that he did not attempt to pursue administrative remedies because he did not think the procedures applied to the claims presented. Plaintiff is complaining specifically about health and safety issues in the prison and requests that defendants protect him from harm. The Complaint concerns prison conditions and the PLRA exhaustion requirements plainly apply.

In his supplement to the Complaint, and response, Plaintiff asserts that his lack of diligence in filing an ARP is because the ARP grievance forms are not regularly provided. He provides conclusory statements to this effect, without indicating that he attempted to timely file an ARP and was unable to do so.

The record does not support a finding that the grievance procedure was unavailable to Plaintiff. Defendants provide documentation of nine ARPs filed by Plaintiff from July of 2020 through the end of 2020. They also provide a log noting numerous ARP complaints filed by inmates housed in the same area of the prison (HU 7) as Plaintiff each month from March to July 2020. This refutes Plaintiff's bald claim that ARP forms were unavailable in his housing area to allow him to timely pursue administrative remedies.

Here, nothing reflects that Plaintiff pursued administrative remedies prior to filing the Complaint. The claims are, therefore, unexhausted and the Complaint will be dismissed without prejudice.

Dated this 19 day of August, 2021.

FOR THE COURT:

James K. Bredar
Chief Judge